UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISON

| | |
|---|---|
| LAKENDRA TAYLOR, § § **Plaintiff,** § v. § § § CIVIL ACTION NO. 7:20-CV-160 § SOUTHWEST § CORRECTIONAL MEDICAL § GROUP COMPANIES, INC. § **JURY TRIAL DEMANDED** AND CORRECTIONAL § MEDICAL GROUP § COMPANIES, INC., § § **Defendants.** | |

## ORIGINAL COMPLAINT

Plaintiff LaKendra Taylor ("Plaintiff"), by and through her attorneys, Ellwanger Law LLLP, brings this action for damages and other legal and equitable relief from Defendants, Southwest Correctional Medical Group Companies, Inc. ("SWCMG") and Correctional Medical Group Companies, Inc. ("CMGC") (collectively "Defendants"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.*, the Civil Rights Act of 1866, as amended, 42 U.S.C. §§ 1981 et seq. ("§ 1981") and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1. This is an action brought by Plaintiff seeking damages from Defendants for acts of discrimination, hostile work environment, and retaliation. Defendants' acts of discrimination are in violation of Title VII, § 1981 and any other cause(s) of action that can be inferred from the facts set forth herein.

ORIGINAL COMPLAINT

1

2. Defendants employed Plaintiff as a Nurse at its location in Wichita Falls, Texas. Throughout Plaintiff's employment with Defendants, Plaintiff was subjected to discrimination, a hostile work environment, and retaliation.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. §§ 2000e et seq., as amended, and (iii) 42 U.S.C. §§ 1981 et seq., as amended.

4. The Court's supplemental jurisdiction is invoked to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court in as much as the unlawful employment practices occurred in this judicial district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendants maintain offices, conduct business, and reside in this district.

## PARTIES

6. Plaintiff is a person who has been aggrieved by Defendants' actions. She is a resident of Wichita County, Texas.

7. At all relevant times, Plaintiff was Defendants' employee and therefore covered by Title VII and § 1981.

**ORIGINAL COMPLAINT**

8. Defendant SWCMG is located at 2511 Garden Rd. #160, Monterey, California 93940 in Monterey County. Upon information and belief, Defendant SWCMG employs over five-hundred (500) persons.

9. Defendant CMGC is located at 3911 Sorrento Valley Blvd, Ste 130, San Diego, CA, 92121 in San Diego County. Upon information and belief, Defendant CMGC employs over five-hundred (500) persons.

10. During all relevant times, Defendants have been employers covered by Title VII and § 1981.

11. Defendants transacted and continue to transact business in Texas by, among other things, employing persons at their locations within Texas and within this judicial district.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

12. Plaintiff, who has herein alleged claims pursuant to Title VII, has timely filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which constitutes a cross-filing with the Texas Commission on Human Rights.

13. Plaintiff requested her Notice of Right to Sue letter from the EEOC prior to the filing of this Complaint. On or around September 23, 2020, the EEOC mailed Plaintiff her Notice of Right to Sue letter.

## STATEMENT OF FACTS

14. Plaintiff first started working for Defendants as a Nurse at Defendants' location in Wichita Falls, Texas in or around March 2016. Plaintiff was one of only two Black nurses employed by Defendant SWCMG. Throughout her employment, Plaintiff was subjected to discrimination, a hostile work environment, and retaliation.

15. In or around July or August 2017, a Human Resources representative came to Plaintiff's office to discuss the company's policies about bullying and harassment. Plaintiff spoke with the HR representative and reported that she was being bullied by her direct supervisor, Gregory Belz, because of her race. Mr. Belz had suspended Plaintiff for two weeks for allegedly not taking care of inmates. HR representative Cynthia Bekdache found no grounds for Plaintiff's suspension, and she was allowed to return to work.

16. After Plaintiff made this verbal complaint, she filed a written complaint with HR stating that Mr. Belz was discriminating against her and harassing her because of her race.

17. Once Mr. Belz learned about Plaintiff's complaint to HR, he suspended her again for two weeks. During this two-week suspension, Plaintiff contacted HR again to report Mr. Belz's behavior. Two weeks later, Plaintiff received a call from HR and was told that she had, in fact, done nothing to warrant a two-week suspension. Though Plaintiff was finally able to return to work, she was demoted from a Licensed Vocational In-Charge nurse to a Licensed Vocational nurse.

18. Plaintiff also reported Mr. Belz's harassment and discrimination to Andrew Small, Mr. Belz's supervisor, who told Plaintiff that Mr. Belz cannot do that to her and that he was going to speak to him. Upon information and belief, no prompt remedial action was taken.

19. Soon after Plaintiff returned to work, Mr. Belz gave her approximately six unwarranted write-ups. Plaintiff contacted HR about Mr. Belz's behavior for a third time and reported these write-ups. After HR completed an investigation, they found that the write-ups were not warranted and removed them from Plaintiff's file.

20. On or around May 1 or 2, 2018, Mr. Belz told Staci Williams, the charge nurse, "that Black nigger is going to pay" while speaking about Plaintiff. Ms. Williams reported Mr.

**ORIGINAL COMPLAINT**

Belz's comment to Plaintiff. Plaintiff reported the comment to HR. No prompt remedial action was taken.

21. On another occasion, another nurse, Tai LNU, called Plaintiff and told her that Mr. Belz and another employee had called her a "nigger."

22. On or around May 7, 2018, Mr. Belz wrote Plaintiff up for not following the directions of another nurse, Kristi Jones-Granito. In fact, Ms. Jones-Granito was not even a nurse, had fraudulently secured employment with Defendant SWCMG, and was eventually referred for criminal prosecution by the nursing board.

23. On or around May 8, 2018, Plaintiff again made a written complaint to Mr. Small detailing numerous instances of Mr. Belz's continued harassment, discrimination, and retaliation, including his calling her a "nigger." No prompt remedial action was taken.

24. On or around May 9, 2018, Plaintiff again made a written complaint to HR representative Ms. Bekdache detailing Mr. Belz's continued harassment, discrimination, and retaliation, including unwarranted write-ups and his calling her a "nigger." No prompt remedial action was taken.

25. On or around May 11, 2018, Plaintiff was subjected to a retaliatory termination.

## AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*
(Discrimination)**

26. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

27. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Defendants have engaged the practice of discrimination with respect to the terms and conditions of Plaintiff's employment.

28.     Plaintiff's requests for relief are set forth below.

## AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.***
**(Hostile Work Environment)**

29.     Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

30.     The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Plaintiff was subjected to a hostile work environment on the basis of her race and/or color.

31.     Plaintiff's requests for relief are set forth below.

## AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.***
**(Retaliation)**

32.     Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

33.     Plaintiff lodged complaints with Defendants regarding the discrimination and hostile work environment to which she was subjected, and as such, engaged in protected activity under Title VII.

34.     Defendants retaliated against Plaintiff by, among other things, subjecting her to unwarranted discipline and terminating her.

35.     The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*

36.     Plaintiff's requests for relief are set forth below.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
**Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 *et seq.***
**(Discrimination)**

37. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

38. The conduct alleged herein violates Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 *et seq.*, as Defendants have engaged the practice of discrimination with respect to the terms and conditions of Plaintiff's employment.

39. Plaintiff's requests for relief are set forth below.

### AS AND FOR A FIFTH CAUSE OF ACTION FOR A VIOLATION OF
### Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 *et seq.*
### (Hostile Work Environment)

40. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

41. The conduct alleged herein violates Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 *et seq.*, as Plaintiff was subjected to a hostile work environment on the basis of her race and color.

42. Plaintiff's requests for relief are set forth below.

### AS AND FOR A SIXTH CAUSE OF ACTION FOR A VIOLATION OF
### Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 *et seq.*
### (Retaliation)

43. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

44. Plaintiff lodged complaints with Defendants regarding the discrimination and hostile work environment to which she was subjected, and as such, engaged in protected activity under § 1981.

45. Defendants retaliated against Plaintiff by, among other things, subjecting her to unwarranted discipline and terminating her.

46. The conduct alleged herein violates Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 *et seq.*

47. Plaintiff's requests for relief are set forth below.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all matters raised in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. A judgment declaring that the practices complained of herein are unlawful and in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and the Civil Rights Act of 1866, as amended, 42 U.S.C. §§ 1981 et seq.;

B. All damages which Plaintiff has sustained as a result of Defendants' conduct, including back pay, front pay, benefits, general and specific damages for lost compensation, and job benefits she would have received but for Defendants' discriminatory practices, and for emotional distress, humiliation, embarrassment, and anguish;

C. Exemplary and punitive damages in an amount commensurate with Defendants' ability and so as to deter future malicious, reckless, and/or intentional conduct;

D. Awarding Plaintiff the costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

E. Pre-judgment and post-judgment interest, as provided by law;

F. That the Court retain jurisdiction over Defendants until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law; and

**ORIGINAL COMPLAINT**

Granting Plaintiff other and further relief as this Court finds necessary and proper. Plaintiff also seeks injunctive relief, including, but not limited to:

G. Training on the subject of employment discrimination for all of Defendants' employees;

H. Implicit bias training for all managers conducted by reputable outside vendors;

I. Supervisory discipline up to and including termination for any supervisor who engages in unlawful discrimination;

J. Active monitoring of the work areas to ensure compliance with discrimination policies;

K. Monitoring by the Court or a federal agency to ensure that Defendants comply with all injunctive relief; and

Plaintiff further demands that she be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

Dated: December 21, 2020    Respectfully submitted,

_____
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
David Henderson
Texas State Bar No. 24032292
dhenderson@equalrights.law
Ellwanger Law LLLP
400 South Zang Boulevard
Suite 1015
Dallas, Texas 75208
Telephone: (737) 808-2260
Facsimile: (737) 808-2262

**ORIGINAL COMPLAINT**